*.In re* RUBÉN PÉREZ PORTELA, JUEZ, TRIBUNAL DE DISTRITO, querellado.

Número 7.

*Sometido:* 26 de noviembre de 1960. *Resuelto:* 17 de marzo de 1961.

*Félix Ochoteco, F. Fernández Cuyar, Ángel Viera Martínez* y *A. A. Saavedra Blasco,* abogados del querellado; *Hon. Secretario de Justicia, Hiram R. Cancio, J. B. Fernández Badillo, Procurador General* y *Arturo Estrella, Subprocurador General,* abogados de El Pueblo.

RESOLUCIÓN

*Por cuanto:* El 10 de marzo de 1960, el Juez Presidente del Tribunal Supremo de Puerto Rico, después de examinar los méritos de la investigación realizada al efecto, determinó que existía causa para ulteriores procedimientos contra el

querellado, solicitando del Secretario de Justicia de Puerto Rico la radicación de la correspondiente querella.

*Por cuanto:* El 25 de marzo de 1960, el Secretario de Justicia de Puerto Rico, presentó una querella contra el Juez Rubén Pérez Portela por una violación de la sección 24 de la Ley de la Judicatura de Puerto Rico, según ésta fue enmendada por la Ley número 60 de 19 de junio de 1959, consistente, en que al momento de declarar bajo juramento como testigo, en los casos criminales G-59-475, G-59-476 y G-59-477, durante la vista celebrada el día 27 de abril de 1959, "mientras el Fiscal del Tribunal Superior Lic. Félix Ortiz Juan le interrogaba sobre cómo refrescó su memoria con respecto a los datos expuestos en su declaración, el querellado respondió en forma engañosa y faltó a la verdad sobre ese extremo en la forma y manera que consta de las admisiones del querellado en la declaración jurada en esa ocasión prestada por él".

*Por cuanto:* El día 10 de mayo de 1960 se nombró al Hon. Pedro Santos Borges, Juez Superior, para que en presencia de ambas partes y en calidad de Comisionado Especial, oyera y recibiera la prueba que las partes tuvieran a bien ofrecer, remitiendo a este Tribunal tanto la prueba presentada como sus conclusiones de hecho.

*Por cuanto:* De las conclusiones sometidas a este Tribunal por el Comisionado Especial, éste considera probado "que estando el querellado declarando bajo juramento, se contradijo al manifestar en primera instancia que había refrescado su memoria en la oficina de su Sala en San Juan y luego declaró que realmente fue en la Secretaría de lo Criminal en San Juan esa misma mañana, cuando estaba consultando con el abogado defensor y cuando examinó el expediente a que ya hemos hecho referencia" pero aclarando que, "las contradicciones en que el Juez querellado incurrió, esto es, en qué sitio y en qué momento él refrescó su memoria . . . se

relacionan con hechos que a todas luces no eran materiales, sustanciales o esenciales a su declaración . . . (y) las partes aceptaron que en cuanto a las cuestiones sustanciales, esenciales y materiales a la controversia principal, el Juez querellado dijo la verdad . . ." añadiendo el informe del Comisionado Especial que "de la prueba ante nos no aparece que él (el querellado) tuviera razón o motivo alguno para ayudar a la causa del acusado" y que al declarar originalmente en la forma en que lo hizo fue movido por "un falso concepto de lo que era propio o impropio, correcto o incorrecto . . . hasta podría imputársele confusión o torpeza intelectual, inducida en aquel momento por el sarcasmo con que el fiscal impiadosamente adornaba algunas de sus preguntas, lo que probablemente hizo perder al querellado toda noción de lo que era correcto e incorrecto. De aquí que no sea arriesgado concluir que él entendiera que el hecho de haber hablado con el abogado defensor antes de entrar a juicio, siendo él todo un magistrado, constituía una grave falta, una incorrección imperdonable, y que por tanto, era menos grave y menos incorrecto declarar que había refrescado su memoria en su Sala, antes de salir para el Tribunal Superior".

■ *Por cuanto:* Examinada la prueba que tuvo ante sí el Comisionado Especial sus conclusiones son correctas y deben aceptarse por este Tribunal.

■ *Por tanto:* Consideramos que la falta incurrida por el Juez es grave y merece nuestra censura, y hubiera dado causa a su destitución de haberse probado que la misma en alguna forma influyó en el resultado de la causa, pero atendidas las circunstancias que el Juez querellado declaró correctamente en cuanto a los hechos realmente en controversia, aclaró por sí mismo, durante el transcurso del testimonio, la contradicción en que había incurrido y que el ocultamiento inicial del incidente sobre el sitio y la forma en que había hecho memoria, se debió, en gran parte, a cierto recelo en

cuanto a la legitimidad de su entrevista con el abogado defensor, antes de prestar testimonio, entrevista que no podemos tildar de incorrecta por haber sido llamado como testigo de defensa, siempre que su declaración se ajustara a la estricta veracidad y correcta aseveración que se espera de un testigo de tanta categoría ante el crédito público, como debe ser un Juez, no decretamos su separación del cargo de Juez.

Lo acordó el Tribunal y firma el señor Juez Presidente, quien no intervino en la resolución del caso.